**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FACILITY HOLDINGS CORP.,       ) <br> ) <br> ) <br> Plaintiff,       ) <br> ) <br> v.       ) <br> ) <br> ALLAN H. LAMPORT, TAYLOR       ) <br> ENGLISH DUMA, LLP, GARRARD       ) <br> PROGRAM MANAGEMENT, LLC and       ) <br> ALLAN H. LAMPORT TRUST,       ) <br> ) <br> Defendants.       ) <br> _____) | Civil Action <br> File No. 1:2009cv02011 |

**DEFENDANT TAYLOR ENGLISH DUMA, LLP'S
<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

COMES NOW, Defendant, Taylor English Duma, LLP ("Taylor English" or "Defendant"), and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint (the "Motion") filed contemporaneously herewith, showing the court as follows:

**I.       <u>INTRODUCTION</u>**

Taylor English, f/k/a Taylor, Busch, Slipakoff & Duma, LLP, is a law firm organized as a limited liability partnership with its office in Atlanta, Georgia. On or about November 7, 2008, Taylor English entered into an escrow agreement (the

"Escrow Agreement," a true and correct copy of which is attached as Exhibit "J" to Plaintiff's Complaint) which created an escrow arrangement between, among others, Plaintiff Facility Holdings Corp. ("Facility" or "Plaintiff") and Defendant Allan H. Lamport ("Lamport"). Under the terms of the Escrow Agreement, Taylor English was appointed as escrow agent.

The Escrow Agreement contained language which limited Taylor English's liability for actions taken pursuant to the Escrow Agreement to willful misconduct and gross negligence. Further, the Escrow Agreement released Taylor English from any obligation to defend any legal action or proceeding relating to this Agreement. Nevertheless, Taylor English has been named as a defendant in this Action, which primarily concerns the alleged actions of Defendant Lamport, in the underlying transactions of which the Escrow Agreement is a part.

There are no allegations in the Complaint that Taylor English's actions pursuant to the Escrow Agreement rose to the level of willful misconduct or gross negligence. Further, there are no allegations in the Complaint as to why Taylor English should be obligated to defend this Action, in contravention to the terms of the Escrow Agreement. Accordingly, Taylor English should be dismissed from this Action.

## II.   STATEMENT OF RELEVANT FACTS[1]

Plaintiff alleges that Defendant Lamport was a former officer, director and General Counsel of Facility. Complaint at ¶¶ 9, 11 and 12. Further, Plaintiff alleges that on or about February 3, 2006, Lamport resigned his positions as officer, director and chief legal officer of Facility. Id. at ¶ 18. Plaintiff also alleges that thereafter, Lamport continued to be employed by Facility as an attorney under the terms of an employment agreement and subsequent amendments (the "Employment Agreements"). Id. at ¶¶ 13, 25-32.

Facility contends that during the course of his employment under the Employment Agreements, Lamport breached certain of his fiduciary and professional duties by, *inter alia*, drafting certain documents for Facility without disclosing to Facility that he had a conflict of interest. Id. at ¶¶ 13-71, 73-76. Facility alleged in its complaint that these documents, which were drafted by Lamport in the course of his employment by Facility, gave Lamport preferential treatment at the expense of Facility. Id. In the Complaint, Facility alleges causes

---

[1] For the purpose of responding to Plaintiff's Motion to Dismiss, all allegations contained in Plaintiff's Complaint are treated as true. However, Defendant Taylor English is not otherwise commenting on the allegations contained in Plaintiff's Complaint.

of action against Lamport for breach of fiduciary duty, equitable relief as to voidable contract, fraud, equitable reformation of financing statement, equitable relief as to ultra vires acts, money had and received, declaratory judgment, attorneys' fees and punitive damages.  Id. at ¶ 73-76, 77-82, 83-92, 93-95, 96-101, 102-105, 106-108, 112-114, and 115-118.

While employed by Facility under the Employment Contracts, Facility alleges that Lamport negotiated the sale of Facility's "K-12 business unit" to Defendant Garrard Program Management, LLC ("Garrard").  Id. at ¶ 33.  Furthermore, Facility alleges that Lamport prepared and had executed the Escrow Agreement as a way to enforce a security interest he had in the proceeds of the sale of the K-12 business unit.  Id. at ¶ 45.  The Escrow Agreement created an escrow arrangement between Facility and Lamport and appointed Taylor English as the escrow agent.  The Escrow Agreement contains the following clause which limits the liability of Taylor English:

> 5. <u>Duties of Escrow Agent</u>.  **In performing duties under this Agreement or upon any claimed failure to perform duties under this Agreement, Escrow Agent shall have no liability except for the willful misconduct or gross negligence of Escrow Agent.**  The sole responsibility of Escrow Agent under this Agreement shall be for the safekeeping of the Escrow Proceeds and the Escrow Stock, the disbursement of any of the Escrow Proceeds received by Escrow Agent that constitute cash proceeds and the release of portions of the Escrow Stock, all in accordance with and subject to the terms and provision of this Agreement.  **Escrow Agent shall have no implied duties or obligations under this Agreement and shall not in**

- 4 -

**respect to any matters pertaining to the Agreement be charged with knowledge or notice of any fact or circumstance not specifically set forth herein.** Escrow Agent shall be entitled to rely upon, and shall be protected in acting upon, any request, instructions, statement and/or other instrument, not only as to the due execution, validity and effectiveness of any such request, instructions, statement and/or other instrument but also as to the truth and accuracy of any information contained therein, which Escrow Agent shall in good faith believe to be genuine, to have been signed or presented by the person or purporting to sign such request, instructions, statement and/or other instrument and to conform to the terms and provisions of this Agreement. **Escrow Agent shall not be obligated to take any legal action or to commence any proceeding in connection with any of the Escrow Proceeds and/or the Escrow Stock <u>or to appear in, prosecute or defend any legal action or proceeding relating to this Agreement, and in no event shall Escrow Agent ever be liable for incidental, indirect, special, consequential or punitive damages arising out of or resulting from this Agreement.</u>** Escrow Agent may consult legal counsel selected by Escrow Agent in the event of any question or dispute as to the construction or interpretation of any of the terms or provisions of this Agreement or as to any duties hereunder of Escrow Agent and shall incur no liability, and shall be fully protected from any liability, whatsoever in acting in accordance with the advice, opinion or instructions of any such legal counsel. FHC shall promptly reimburse Escrow Agent, upon demand, for the reasonable fees and expenses incurred by Escrow Agent in consulting with any such legal counsel.

Exhibit "J" to Plaintiff's Complaint (emphasis added).

Taylor English performed its duties under the Escrow Agreement, receiving payments from Garrard and distributing them to Facility and Lamport as required by the Escrow Agreement. Thereafter, Lamport and Facility became hostile towards one another and ultimately the instant suit was filed. Complaint at ¶ 70. In addition to the causes of action alleged against Lamport, the Complaint also

- 5 -

includes a cause of action against Taylor English for declaratory judgment, despite the above language contained in the Escrow Agreement which specifically waived Taylor English's liability and necessity to defend suit relating to the Escrow Agreement.

Taylor English is currently holding a certain stock certificate in escrow pursuant to the Escrow Agreement and is prepared to tender such stock certificate to the Court so that this matter may be resolved by the remaining parties without the participation of Taylor English as a party to this Action.

### III.　ARGUMENT AND CITATION OF AUTHORITIES

#### A.　Rule 12(b)(6) Standard

Taylor English should be dismissed from this Action as the Complaint fails to state a claim upon which relief can be granted as to Taylor English.  "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face."  Sinaltrainal v. Coca-Cola Co., --- F.3d ----, 2009 WL 2431463 at *4 (11th Cir. August 11, 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 555 (internal citations omitted).

    **B.    The Escrow Agreement Exculpates Defendant Taylor English from All Liability Relating to the Escrow Agreement.**

The Escrow Agreement exculpates Taylor English from all liability relating to the Escrow Agreement and states that Taylor English shall not be obligated to defend any legal action relating to the Escrow Agreement. "Limitations of liability clauses … are enforceable under Georgia law unless the defendants' conduct gives rise to a tort claim for gross negligence or wanton or willful conduct." Doty Communications, Inc. v. L.M. Berry & Co., 417 F.Supp. 2d 1355, 1359 (N.D. GA 2006) (citing Elliott Irrigation v. L.M. Berry & Co., 2005 WL 628128 at * 2 (N.D. GA March 14, 2005).

In the instant case, Section 5 of the Escrow Agreement contains a limitation of liability clause which states in pertinent part:

> <u>In performing duties under this Agreement or upon any claimed failure to perform duties under this Agreement, Escrow Agent shall have no liability except for the willful misconduct or gross negligence of Escrow Agent</u>. … <u>Escrow Agent shall not be obligated to</u> take any legal action or to commence any proceeding in connection with any of the Escrow Proceeds and/or the Escrow Stock or to appear in, prosecute or <u>defend any legal action or proceeding relating to this</u>

<u>Agreement, and in no event shall Escrow Agent ever be liable for incidental, indirect, special, consequential or punitive damages arising out of or resulting from this Agreement</u>.

(<u>Id.</u>; emphasis added).

The Complaint does not allege that Taylor English committed willful misconduct or gross negligence with respect to the duties it was required to perform under the terms and conditions of the Escrow Agreement.  Thus, because the Complaint fails to plead any facts sufficient to sustain a cause of action against Taylor English, this Action should be dismissed as against Taylor English.

Furthermore, Plaintiff failed to plead any allegation that, if accepted, would require Taylor English to defend this action in light of the Escrow Agreement's language expressly releasing Taylor English from any obligation to defend any legal action or proceeding relating to the Escrow Agreement.  Accordingly, Defendant Taylor English Duma, LLP respectfully requests that this Court grant its Motion to Dismiss in its entirety.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Taylor English Duma, LLP respectfully requests that this Court grant its Motion to Dismiss and thereby

dismiss all causes of action contained in Plaintiff's Complaint asserted against Defendant Taylor English Duma, LLP.

Respectfully submitted this 31st day of August, 2009.

/s/ John M. Gross
JOHN M. GROSS
Georgia Bar No. 313520
jgross@taylorenglish.com
JASON R. CURLES
Georgia Bar No. 109550
jcurles@taylorenglish.com

Taylor English Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FACILITY HOLDINGS CORP., )<br>)<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ALLAN H. LAMPORT, TAYLOR )<br>ENGLISH DUMA, LLP, GARRARD )<br>PROGRAM MANAGEMENT, LLC and )<br>ALLAN H. LAMPORT TRUST, )<br>)<br>      Defendants. )<br>_____ ) | Civil Action<br>File No. 1:2009cv02011 |

### CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing by filing through the Court's CM/EMF system which will deliver electronic notices of the same to counsel of record for the parties.

This 31st day of August, 2009.

                                                /s/ Jason R. Curles
                                              JASON R. CURLES
                                              Georgia Bar No. 109550